UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

         Plaintiff,

    v.

THEODORE SCOTT SCHERR,

         Defendant.
_____/

NO. CR. S-08-524 LKK

O R D E R

    Defendant was indicted on November 13, 2008 for violations of 18 U.S.C. § 922(g)(1). On May 11, 2009, the federal defender filed a request for a writ of habeas corpus ad prosequendum on defendant's behalf, representing that defendant was "presently in the custody of the Sacramento County Sheriff." The magistrate judge denied the writ, finding that defendant had not complied with the process required under the Interstate Amendment on Detainers Act, 18 U.S.C. App. § 2. Pending before the court is the defendant's "Request for Final Disposition of Indictment," made pursuant to the

1

1 Interstate Agreement on Detainers Act.

2   The Interstate Agreement on Detainers Act "is a compact among forty-eight states and the United States, the purpose of which is to effect the speedy disposition of outstanding criminal charges against prisoners incarcerated in other jurisdictions." <u>United States v. Stoner</u>, 799 F.2d 1253, 1255 (9th Cir. 1986), citing <u>Carchman v. Nash</u>, 473 U.S. 716 (1985). The term "state" under the Act includes the United States and thus the Act applies where a prisoner of a state seeks transfer to a federal court to respond to charges in the latter. <u>Id.</u> at 1255-56.

  As the magistrate court explained in the denial of the defendant's writ, the Act contains certain procedural formalities that must be complied with in order for the transfer to be effectuated or, more precisely, for a writ of habeas corpus ad prosequendum to issue.

> The request of the prisoner [for a final disposition to be made of the indictment] shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner. . . . The written notice and request for final disposition . . . shall be given or sent by the prisoner to the warden, commissioner or corrections, or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court . . . .

18 U.S.C. App. § 2, Art. III (a), (b). As the magistrate court observed, defendant had not complied with this requirement nor otherwise provided this information to the court, save the location

1  of his current custody. It is not even apparent to the court based
2  on the information provided whether the defendant is serving a
3  sentence in the state facility or is a pretrial detainee, a
4  distinction which is dispositive in the application of the Act. See
5  United States v. Reed, 620 F.2d 709, 711 (9th Cir. 1980). Defendant
6  has not remedied these omissions in his pending request.
7      Accordingly, defendant's request for final disposition of
8  indictment (Doc. No. 6) is DENIED.
9      IT IS SO ORDERED.
10     DATED: June 17, 2009.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT